UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE STEPHEN KING, | No. 2:23-cv-2360 DB P |
| Petitioner, | |
| v. | ORDER |
| CHARLES SCHUYLER, | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims his right to due process was violated during his 2021 parole hearing.

**I.**    **In Forma Pauperis**

    Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00).  See 28 U.S.C. §§ 1914(a); 1915(a).  Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

**II.**    **Request for Transfer**

    Petitioner has requested that this action be transferred to San Diego because he is presently housed at Richard J Donovan Correctional Center which is located in San Diego.  (ECF No. 12 at 1.)  Petitioner further states that he has "two different issues in two different cases filed

[sic] befor [sic] this late order. One felony murder and one parole denial." (Id.)  In habeas cases, venue is proper: (1) in the district of confinement, or (2) in the district of "conviction and sentencing." 28 U.S.C. § 2241(d).  Petitioner has not specified where his 2021 parole hearing took place.  Thus, the court cannot determine whether venue is proper in this district or some other judicial district.  The motion for transfer will be denied without prejudice to its renewal.  In any renewed motion petitioner should specify the institution where his 2021 parole hearing took place.

### III.     Petition Fails to Comply with Rule 2

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:  "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition. Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

The petition here was submitted on a form used for applications for leave to file a second or successive petition in the Ninth Circuit Court of Appeals.  (ECF No. 2.)  The information provided on the form does not sufficiently set forth the grounds for relief sought and thus, does not comply with Rule 2(c) of the Rules Governing Section 2254 Cases.  Therefore, the petition is dismissed with leave to amend.  Rule 4, Rules Governing Section 2254 Cases.  In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

### IV.     Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for transfer (ECF No. 12) is denied without prejudice.
2. Petitioner shall pay the filing fee or submit a properly completed in forma pauperis application within thirty days of service of this order.

3. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days of the date of service of this order.

4. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

5. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district and a copy of the court's form application for writ of habeas corpus.

Dated: March 7, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Habaeas/R/king2360.amnd