UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesse Stephen King, | No. 2:23-cv-02360-KJM-SCR |
| Petitioner, | ORDER |
| v. | |
| Charles Schuyler, | |
| Respondent. | |

Petitioner Jesse Stephen King has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to the assigned Magistrate Judge under this District's Local Rules. *See* E.D. Cal. L.R. 302(c)(17). In March 2024, the Magistrate Judge issued an order (1) instructing petitioner to pay the filing fee or submit a properly completed application to proceed in forma pauperis, (2) denying petitioner's request for a transfer to a court in San Diego and (3) dismissing the petition with leave to amend for failure to comply with Rule 2 of the Rules Governing Section 2254 Cases. *See generally* Order (Mar. 8, 2024), ECF No. 13. Petitioner has since filed several "objections" to that order. *See* ECF Nos. 15–17. The court construes these objections as motions for reconsideration by the district judge and exercises its discretion to consider them despite the passage of the relevant filing deadline. *See* E.D. Cal. L.R. 303(c).

When a district judge is asked to reconsider a matter delegated to a magistrate judge, the district court decides whether the order is "clearly erroneous or contrary to law." 28 U.S.C.

§ 636(b)(1)(A); *see also* E.D. Cal. L.R. 303(f).  These two standards, "clearly erroneous" and "contrary to law," apply to different aspects of the magistrate judge's order.  The "contrary to law" standard applies to legal determinations.  *See, e.g.*, *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999).  The district court exercises its "independent judgment with respect to a magistrate judge's legal conclusions." *Id.*  The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions.  *See id.* (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)).  This standard is more deferential.  A decision is "clearly erroneous" if the district court "is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Petitioner has not shown the Magistrate Judge's order in this case was clearly erroneous or contrary to law.  The Magistrate Judge correctly determined petitioner should have the opportunity to file a properly completed application to proceed in forma pauperis.  The Magistrate Judge also correctly found the record did not show, at that point, whether this district is the proper venue.  Nor did the Magistrate Judge err in concluding the original petition did not set forth facts supporting each of the grounds for relief under Rule 2(c) of the Rules Governing Section 2254 Cases.

The objections at ECF Nos. 15–17, construed as motions for reconsideration by the district court, are **denied**.

IT IS SO ORDERED.

DATED: October 3, 2024.

UNITED STATES DISTRICT JUDGE