UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE STEPHEN KING, | No. 2:23-cv-2360 KJM SCR P |
| Petitioner, | |
| v. | ORDER |
| CHARLES SCHUYLER, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed this action under 28 U.S.C. § 2254. Before the court are petitioner's motion to proceed in forma pauperis, request for transfer, request to amend the "complaint," and motion for an evidentiary hearing. Examination of the in forma pauperis application reveals that petitioner has adequately demonstrated that he is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a). For the reasons set forth below, this court denies petitioner's request to transfer this case to another district, provides petitioner additional time to file an amended petitioner, and denies petitioner's motion for an evidentiary hearing.

Petitioner asks the court to transfer this case to the Southern District of California because he is incarcerated at R.J. Donovan State Prison in San Diego. (ECF No. 18.) Petitioner states that it will be easier to file documents in a timely manner if the courthouse is closer. (Id. at 1-2, Petitioner is advised that the court considers the date a prisoner turns over his filing to prison

1

1 authorities for mailing as the filing date. See Houston v. Lack, 487 U.S. 266, 270 (1988). The

2 court applies this rule to pro se prisoner legal filings to ensure that their filings are not unfairly

3 barred as untimely due to delays beyond their control. See Douglas v. Noelle, 567 F.3d 1103,

4 1107 (9th Cir. 2009). Therefore, the fact that petitioner's filings may take longer to get to the

5 courthouse in Sacramento in the mail will not prejudice him. To the extent petitioner is also

6 asking for an extension of time to file an amended petition, that request will be granted.

7 After asking the court to transfer his case, petitioner makes what appear to be arguments

8 in support of his challenge to the denial of parole in 2021, about difficulties litigating his cases,

9 about erroneous jury instructions, and about his petition for resentencing. This court does not

10 consider those issues at this time. In an order filed March 8, 2024, the previously assigned

11 magistrate judge found the petition failed to specify the grounds for relief petitioner seeks. (ECF

12 No. 13.) Petitioner was instructed to file an amended petition setting forth each claim for relief

13 and summarizing the facts he alleges support each claim. Petitioner must file an amended

14 petition that meets these requirements before the court will consider the substance of any of his

15 claims for relief.

16 In his request to amend "complaint," petitioner again discusses the merits of his challenge

17 to the denial of parole and his petition for resentencing, among many other things. If petitioner

18 intends this document to be an amended petition, it is too convoluted for this court to discern

19 petitioner's claims and arguments. Petitioner must use the form the court provided previously,

20 and will provide again, for his amended petition. Petitioner should identify each claim and briefly

21 state the facts that support each claim. Petitioner should not include legal arguments in his

22 amended petition. In addition, petitioner does not need to provide transcripts or evidence with his

23 petition.

24 In his "Request For a DE Novo Evidentiary Hearing," a filing which is 121 pages in

25 length, petitioner again asks the court to transfer this case to San Diego. In addition, he again

26 argues that his parole hearing was unfair, mentions retaliation by an officer at his place of

27 incarceration, challenges a jury instruction, challenges the proceedings in his petition for

28 resentencing, and complains about an inability to get a copy of his parole hearing transcript. As

stated above, petitioner must file an amended petition before the court will consider the substance of his claims. With respect to petitioner's concerns about obtaining a transcript of the parole hearing, petitioner need not provide the court with that transcript at this time. If the court finds petitioner does state a potential claim for relief under section 2254 regarding the denial of parole, then the court will consider whether a transcript of the parole hearing is necessary. To the extent petitioner is seeking an evidentiary hearing, which is not clear from his filing, that request is denied.

For the foregoing reasons, IT IS HEREBY ORDERED that

1. Petitioner's motion to proceed in forma pauperis (ECF No. 14) is granted.
2. Petitioner's motion to transfer this case (ECF No. 18) is denied.
3. If petitioner wishes to proceed with this case, he shall file an amended petition on the form provided with this order **within thirty days** of the date of this order.
4. Petitioner's motion for an evidentiary hearing (ECF No. 21) is denied.
5. The Clerk of the Court shall provide petitioner with a copy of the court's form for a habeas corpus petition under 28 U.S.C. §2254 along with a copy of this order.

Dated: November 22, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE