UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE STEPHEN KING, | No. 2:23-cv-2360-KJM-SCR |
| Petitioner, | |
| v. | ORDER AND |
| CHARLES SCHUYLER, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner representing himself, has filed a second amended § 2254 application which is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] ECF No. 33. Also pending before the court is petitioner's motion to appoint counsel and motion for a protective order seeking the return of his legal property. ECF Nos. 34-35.

**I.      Factual and Procedural History**

Petitioner was convicted in the San Bernardino Superior Court in 1997 of first degree murder. ECF No. 33 at 1. He was sentenced to 35 years to life in prison. ECF No. 33 at 53 (Abstract of Judgment).

---

[1] Before the court could examine the first amended § 2254 application docketed on January 6, 2025, petitioner filed a second amended petition. The court will proceed to review the second amended § 2254 because it supersedes the earlier petition as a matter of law. See Bullen v. DeBretteville, 239 F.2d 824, 833 (9th Cir. 1956), overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 925-928 (9th Cir. 2012).

1

On May 30, 2023, petitioner filed an application for leave to file a second or successive habeas corpus petition in the Ninth Circuit Court of Appeals challenging his 2021 parole denial as well as the denial of his petition for resentencing under California Penal Code § 1170.95.[2]  ECF No. 2. At the time of filing, petitioner was incarcerated at the California Correctional Institution located in Kern County, California. ECF No. 2 at 1.  By order dated October 13, 2023, the Ninth Circuit denied petitioner's second or successive application as unnecessary and directed his habeas corpus application transferred to this district   ECF No. 1.

On June 17, 2025, petitioner filed a second amended § 2254 application raising four claims for relief.  First, he alleges that the trial court used an illegal jury instruction on felony murder to convict him in 1997.  ECF No. 33 at 4.  Next, he challenges his 2021 parole denial as being arbitrary and capricious.  Id. at 4.  In his third claim, petitioner asserts that the parole board never explained how he constituted a danger to justify a seven year parole denial.  Id. at 5. Finally, he contends that the parole board never used the youthful offender parole rules in his case even though he was just 20 years old at the time he was convicted.  Id.

**II.    Venue**

Prior to reviewing the specific claims in the amended habeas petition, the court addresses the issue of the appropriate venue for this habeas corpus action.  At the time of filing, petitioner was incarcerated in Kern County, which is part of the Fresno Division of this court.  See Local Rule 120(d).  Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court.  Given the lengthy procedural history of this case as well as the fact that it has been pending for almost two years, the court finds that no good cause exists to transfer this matter to the Fresno Division of the court.  Local Rule 120(f).  Therefore, this court will proceed to conduct a Rule 4 examination of the second amended § 254 petition.

////

////

---

[2] The filing date was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

### III. Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. In claim one, petitioner challenges his underlying criminal conviction from the San Bernardino County based on the trial court's use of an illegal jury instruction on felony murder. ECF No. 33 at 4. However, the Ninth Circuit Court of Appeals did not grant petitioner leave to file a second or successive § 2254 application challenging this conviction. See ECF No. 1. Because it does not appear that petitioner has obtained the required authorization, the undersigned recommends that claim one of the second amended § 2254 be summarily dismissed. See 28 U.S.C. § 2244(b)(3)(A).

The remaining claims in petitioner's second amended § 2254 petition involve his 2021 parole denial. Since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondent will be directed to file a response to claims two through four of the second amended § 2254 petition.

### IV. Pending Motions

Petitioner has requested the appointment of counsel. ECF No. 34. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

On June 29, 2025, petitioner filed a motion for a protective order seeking the return of three boxes of legal materials that were confiscated by prison guards. ECF No. 35. It appears to the court that petitioner is requesting the return of the transcripts from his 1997 jury trial in the San Bernardino County Superior Court. ECF No. 35 at 3, 5. However, the pending habeas corpus action is not challenging this conviction. It is challenging his 2021 parole denial. Therefore, petitioner does not need the trial transcripts in order to litigate his claims in this pending action. For this reason, petitioner's motion for the return of his legal property is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent is directed to file a response to claims two through four of the second amended § 2254 petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the amended petition. See Rule 5, 28 U.S.C. foll. § 2254.

2. If the response to the amended habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

3. If the response to the amended habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

4. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

5. Petitioner's motion for the appointment of counsel (ECF No. 34) is denied.

6. Petitioner's motion for the return of his legal property (ECF No. 35) is also denied.

IT IS FURTHER RECOMMENDED that claim one in petitioner's second amended § 2254 application be summarily dismissed as an unauthorized second or successive habeas petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

////

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 9, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE