FILED

SEP 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FILED

Sep 22, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSE STEPHEN KING, <br><br> Applicant, <br><br> v. <br><br> JAMES HILL, <br><br> Respondent. | No. 25-5104 <br><br> ORDER <br><br> 2:23-cv-2360 KJM SCR (HC) |

Before:  SILVERMAN, OWENS, and BRESS, Circuit Judges.

The application for authorization to file a second or successive 28 U.S.C. § 2254 habeas petition raises claims challenging the applicant's criminal judgment and the California Board of Parole Hearings' ("Board") decision to deny him parole. Insofar as the applicant challenges his conviction and sentence, the application is denied. The applicant has not made a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

With respect to the applicant's parole-related claims, the application is denied as unnecessary because the applicant has a § 2254 petition challenging the Board's 2021 decision currently pending in the district court. *See Goodrum v. Busby*, 824 F.3d 1188, 1194-95 (9th Cir. 2016) (an application for authorization to file a second or successive habeas petition should be construed as a motion to amend a pending first habeas petition).

The clerk will transfer the application at Docket Entry No. 1, to the United States District Court for the Eastern District of California, Case No. 2:23-cv-02360-KJM-SCR, to be processed as a motion to amend the currently pending § 2254 petition.

The motion is deemed filed in the district court on July 27, 2025, the date the application was delivered to prison authorities for forwarding to this court. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 270 (1988); *see Orona v. United States*, 826 F.3d 1196, 1198-99 (9th Cir. 2016) (AEDPA's statute of limitations period is tolled during pendency of an application).

We express no opinion as to whether leave to amend should be granted. The application is transferred only insofar as it alleges claims relating to the denial of parole.

The clerk will send a copy of this order and the application to Judge Kimberly J. Mueller and Judge Sean C. Riordan.

Any pending motions are denied as moot. No further filings will be entertained in this case.

**DENIED in part; DENIED AS UNNECESSARY in part; APPLICATION TRANSFERRED to the district court.**