UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE STEPHEN KING, | No. 2:23-cv-2360-KJM-SCR |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHARLES SCHUYLER, | |
| Respondent. | |

Petitioner is an incarcerated individual representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is petitioner's motion to amend his § 2254 petition and respondent's motion to dismiss the pending claims challenging petitioner's parole denial. ECF Nos. 45, 51. Petitioner has not filed an opposition to the motion to dismiss and the time to do so has expired. Upon consideration of the record and the applicable law, the undersigned recommends denying the motion to amend and granting the motion to dismiss.

**I.      Factual and Procedural History**

In 1997, petitioner was convicted in the San Bernardino Superior Court of first degree murder. ECF No. 33 at 1. He was sentenced to 35 years to life in prison. ECF No. 33 at 53 (Abstract of Judgment). After state direct appeal proceedings had concluded, petitioner filed a counseled § 2254 petition in the Central District of California challenging this conviction on

1

December 31, 2003.  See King v. Scribner, No. 5:03-cv-01554-DOC-FMO (C.D. Cal.).  That petition was dismissed with prejudice as untimely filed on August 19, 2004.  King v. Scribner, at ECF No. 23 (Judgment).  Petitioner appealed the dismissal of his habeas petition to the Ninth Circuit Court of Appeals.  King v. Scribner, ECF No. 25 (Notice of Appeal).  The Ninth Circuit denied a certificate of appealability on April 24, 2005.  King v. Scribner, ECF No. 30.

This case was opened on October 13, 2023 following the Ninth Circuit's determination that petitioner did not need authorization to file a second or successive § 2254 petition challenging his April 2021 parole denial or the denial of his petition for resentencing.  ECF No. 1.

Petitioner subsequently filed a second amended § 2254 petition raising four claims for relief in this court.  ECF No. 33.  First, he alleges that the trial court used an illegal jury instruction on felony murder to convict him in 1997.  ECF No. 33 at 4.  Next, he challenges his 2021 parole denial as being arbitrary and capricious.  Id. at 4.  In his third claim, petitioner asserts that the parole board never explained how he constituted a danger to justify a seven-year parole denial.  Id. at 5.  Finally, he contends that the parole board never used the youthful offender parole rules in his case even though he was just 20 years old at the time he was convicted.  Id.

On September 9, 2025, the undersigned screened the second amended petition and ordered respondent to file an answer limited to claims two through four challenging petitioner's parole denial.  ECF No. 37 at 3.  The undersigned recommended summarily dismissing claim one as an unauthorized second or successive challenge to his 1997 criminal conviction.  ECF No. 37 at 3.  By order dated October 9, 2025, the district judge adopted this recommendation and dismissed claim one of petitioner's second amended § 2254 application.  ECF No. 43.

After the second amended § 2254 petition was served on respondent, the court docketed petitioner's motion to amend his petition.  ECF No. 45 (docketed on October 14, 2025 but filed as of July 27, 2025 based on the prison mailbox rule).  In the motion, petitioner seeks to add challenges related to his 1997 conviction.  ECF No. 45.  Specifically, petitioner seeks to challenge his 1997 conviction on the basis of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which found the residual clause of the federal Armed Career Criminal Act to be unconstitutionally vague.  ECF No. 45 at 12.  Petitioner argues that this decision applies

1  equally to California's felony murder rule under which he was convicted.  Petitioner also asserts
2  that "[s]hooting at [an] inhabited dwelling 'was arbitrary and capricious'"; his appellate counsel
3  failed to file a petition for rehearing; his murder conviction is now barred under the natural and
4  probable consequences doctrine; his firearm enhancement should be reversed; and a jury
5  instruction was unconstitutionally vague.   ECF No. 45 at 1-9.

6       With respect to the pending second amended § 2254 petition, respondent filed a motion to
7  dismiss, contending that petitioner's parole challenges are not cognizable in the present § 2254
8  proceeding because they are solely based on state law.  ECF No. 51.  Since petitioner does not
9  dispute that he was given an opportunity to be heard at his parole hearing and a statement of
10 reasons why parole is denied, his constitutional right to due process was not violated.  ECF No.
11 51 at 2 (citing Swarthout v. Cooke, 562 U.S. 216 (2011) (per curiam)).  "Nothing more is
12 required under clearly established federal law."  ECF No. 51 at 2.  Petitioner's challenges to the
13 quantum of evidence or the ultimate decision reached by the state parole board do not raise
14 federal constitutional challenges.  Id.  Petitioner's last challenge to the denial of youthful offender
15 parole only presents an issue of state law.  Id. at 3; see also Cal. Pen. Code §§ 3051, 4801(c)
16 (2025).  "Federal habeas corpus relief is not available for alleged errors of state law."  Id. (citing
17 Estelle v. McGuire, 502 U.S. 62, 67-8 (1991)).  For all these reasons, respondent requests that
18 petitioner's second amended § 2254 application be dismissed for failing to state a claim for relief.

19      **II.**    **Legal Standards**

20      Section 2254 of Title 28 of the United States Code provides a remedy for violations "of
21 the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); see also Middleton
22 v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (stating that habeas relief is only available for a
23 violation of federal law that is binding on state courts).  Habeas relief is not available for
24 violations of state law that do not implicate federal Constitutional guarantees or for errors in the
25 interpretation or application of state law.  See Estelle, 502 U.S. at 67 (quoting Lewis v. Jeffers,
26 497 U.S. 764, 780 (1990)); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) (as modified)
27 (stating that "[w]e accept a state court's interpretation of state law ... and  alleged errors in the
28 application of state law are not cognizable in federal habeas corpus." (internal citation omitted));

1  Middleton, 768 F.2d at 1085.  Put simply, there is no federal constitutional requirement to be
2  released on parole before the expiration of a valid sentence.  See Greenholtz v. Inmates of
3  Nebraska Penal & Corrs. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent
4  right of a convicted person to be conditionally released before the expiration of a valid
5  sentence."); Swarthout, 562 U.S. at 220 (emphasizing that "[t]here is no right under the Federal
6  Constitution to be conditionally released before the expiration of a valid sentence, and the States
7  are under no duty to offer parole to their prisoners.").

       **III.**    **Analysis**

9        Turning first to petitioner's motion to amend, the undersigned finds that petitioner is
10  trying to add claims challenging his 1997 conviction to the instant proceeding.  However, he has
11  not been authorized to file a second or successive § 2254 petition challenging his 1997 murder
12  conviction.  See ECF No. 1; see also 28 U.S.C. § 2244(a).  Absent such authorization, this court
13  does not have jurisdiction to entertain any claims related to petitioner's murder conviction.  See
14  28 U.S.C. § 2244(3)(A) (requiring petitioner to file an application for authorization to file a
15  second or successive habeas petition "in the appropriate court of appeals for an order authorizing
16  the district court to consider the application.").  For this reason, the undersigned recommends
17  denying petitioner's motion to amend.

18        Claims two, three, and four of the second amended § 2254 petition challenge petitioner's
19  2021 parole denial.  Although petitioner attempts to cloak his state law claims in due process
20  terms, merely placing a "due process" label on a claim does not transform it into a federal one.
21  See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A petitioner] may not ... transform a
22  state-law issue into a federal one merely by asserting a violation of due process.").  As respondent
23  correctly points out, petitioner's challenges to the denial of parole involve only questions
24  concerning the application of state laws.  See Swarthout, 562 U.S. at 222 (emphasizing that it is
25  not the federal courts role to determine whether California applied its state laws and regulations
26  correctly).  Petitioner's claims are solely grounded in state law and are therefore not cognizable in
27  this federal habeas action.  Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  Therefore, the
28  undersigned recommends granting respondent's motion to dismiss the second amended § 2254

petition because it does not contain any cognizable Constitutional claims for relief.

### IV.     Plain Language Summary for Party Proceeding Without a Lawyer

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court finds that your claims challenging your parole denial are not properly raised in a habeas corpus petition because they are based on state law.  It is recommended that respondent's motion to dismiss be granted for this reason.  It is also recommended that your motion to amend be denied without prejudice to file a request for authorization to file a second or successive § 2254 petition in the Ninth Circuit Court of Appeals.  This court can take no action on the challenges to your 1997 conviction until such authorization is granted.

If you disagree with these recommendations, you have 21 days to explain why they are wrong.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review the file and make the final decision.

### V.     Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to amend (ECF No. 45) be denied without prejudice to seeking authorization to file a second or successive § 2254 application in the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

2. Respondent's motion to dismiss (ECF No. 51) be granted.

3. Petitioner's second amended § 2254 petition (ECF No. 33) be dismissed for failing to state any federal cognizable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to

1  which issue(s).  Where, as here, the petition was dismissed on procedural grounds, a certificate of
2  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it
3  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
4  reason would find it debatable whether the petition states a valid claim of the denial of a
5  constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.
6  McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be filed and served
7  within fourteen days after service of the objections.  The parties are advised that failure to file
8  objections within the specified time may waive the right to appeal the District Court's order.
9  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6